May I proceed? Yes, please. Good morning to each of you. My name is Gregory Graben. I'm the attorney representing International Data Services, or IDS, the appellant in this proceeding. I want to thank you for your careful review of the brief submitted and for the opportunity to present oral argument on the issues in this case. The appellee in this case, Catherine King, does not dispute our contention that the trial court admitted and considered evidence of IDS's practices regarding persons other than Mrs. King when the court determined the amount of statutory damages to award. Indeed, while recognizing that this was not a class action proceeding, she nonetheless argued that the trial court properly considered both, quote, thousands of letters sent out by IDS as well as the thousands of consumers adversely affected by IDS's letters and procedures, end quote. Otherwise, she says, the exclusion of such evidence would defeat the purpose of the Act, of the Fair Debt Collection Practices Act. But would the exclusion of such evidence really defeat the purposes of the Act, or would it simply acknowledge the plain language of the statute? In our brief, we presented a legal argument based upon the statutory language of section 1629K, which makes a clear distinction between individual actions and class actions, denoting certain specific factors for the trial court to consider in each instance. We note that the court is required to consider factors complement to each. That is, number one, the frequency and persistence of noncompliance by the debt collector, two, the nature of the noncompliance, and three, the extent to which the debt collector's noncompliance was intentional. However, the trial court is required to consider additional factors in the class action, namely, one, the resources of the debt collector, and two, the number of persons adversely affected. The issue presented here is whether the court can properly consider these additional factors in an individual action as among the, quote, other relevant factors, end quote, language that precedes both subsections of section 1692KB. It should be noted that the placement of the phrase, quote, among other relevant factors, end quote, as a preference to both subsections implies that these additional factors should, in both theory and practice, apply to both individual actions and class actions with equal import. A problem of redundancy arises, however, due to the logical structure of the section. For example, if the court is permitted to consider, as it did here, the number of persons adversely affected as an additional relevant factor in an individual case, this factor would be effectively subsumed within the language of subsection 1 and would therefore become redundant in the class action case under subsection 2. The phrase, quote, other relevant factors, end quote, would render the additional language of subsection 2 meaningless, blurring the otherwise precise distinction between the factors the court should consider under each of the two subsections. The upshot is that at least two factors, as a matter of law, cannot be considered as other relevant factors in an individual action, namely, number one, the resources of the debt collector, and two, the error claimed here, that is, the number of persons adversely affected. And again, those are factors. So you said, as a matter of law, that cannot be considered? Well, I think that the court has a broad discretion under other relevant factors, but because there is specific distinction in terms of the factors, distinguishing an individual case from a class action case, it's inconsistent to posit those additional factors to the individual case. When you say that, as a matter of law, something is wrong, that implies to me that you have a case that says it's erroneous for a court to do that, to proceed in that fashion. Well, Judge, I think that I pointed that out in my briefs, and especially in my reply brief. What case authority are you relying upon to support the proposition that, as a matter of law, it was erroneous for the district court to consider letters that were sent to other people? Judge, I had to rely on various district court decisions around the circuits. Okay. Give me your best case authority for that proposition. My best case authority would be the, I think it's the Bayh case, Judge, which... The one from Louisiana? Yes, Judge. I know it's not the best thing to cite Louisiana district courts, but... That's all right, but you say that case stands specifically for the proposition that it's an error of law to consider activities directed toward other individuals. That's what you say that case is? Yes. Okay, now point me to the language in that case that you're relying upon to say that. Okay. Well, Judge, I don't believe that there's language in either of the cases that I've cited. I think I've cited about five cases, which frames it in terms of a matter of law, an error of a matter of law, but I think when you examine the parameters that are set up for discovery, which most of these cases involve, which was what's the relevant scope of discovery, the court ruled that those issues were irrelevant to an independent case. And so based on that and a strict statutory construction of the section, I would assume that the inclusion in an individual case would be an error of a matter of law. And the reason, again, is because if we were to assume that other relevant factors, which precedes both sections, would be allowed to include factors which only appear in subsection 2, it would not only water down the statute, but that it would also negate the legislative purpose for distinguishing between the two sections, 1 and 2. 1 is for an individual case. They're allowed three factors to consider in the class action case, which is much more complicated and involves more issues. They're allowed to take into account five factors. The real issue comes down to the fact that whether or not the plaintiff is able to prove that there were several other people affected by this, it doesn't affect the legal relationship between the plaintiff and the debt collector. It has absolutely nothing to do with it. Well, it doesn't, but of course, I think we've got a novel question to decide what the purpose is. And there's some argument to say that this is meant to discourage the bad practices of debt collectors. And the way of discouraging it is to interpret it to permit this kind of evidence. Well, it is. But what do you think the purpose is? I mean, obviously, many times an individual debtor doesn't have much incentive. So you have the class action, but then he does bring an individual suit. Why not look at what the debt collector usually does? But, Judge, we were forgetting that there also are actual damages available to this particular person. It's hard to get. I think this just illustrates. So the statutory damages, the whole idea, Congress doesn't want debt collectors. You've got to admit they're not terribly popular figures. And Congress didn't express any admiration for them. They fulfill a useful purpose, but they're not popular. And you've got to look at the legislation a little bit that way. But on the other hand, Judge, they should be treated on an equal basis. And to take in this extrinsic evidence of the number of letters that were sent out to other individuals or, more importantly, the financial condition of the company in every case would lead not only to increased costs with respect to return fees that are generated in the case in order to resolve it, but would also result in plenty of disputes in the courts regarding whether this information should be released in an individual case. I think that the Congress was very astute in limiting damages to an individual plaintiff based on the $1,000. And, in fact, when you look into the remedies that are available under a class action, I believe that the remedy is that the plaintiff himself is entitled to the $1,000. And there can be an award to the other class members depending on what their damages are. All right, counsel, you've exceeded your time. We will give you one minute for rebuttal. Thank you. Thank you. May I proceed? Yes, please. Thank you. There are two issues. Could you just state your name for the record? John Payer for the plaintiff's appellee. There are two issues before this Court. The first is whether the maximum damages were properly awarded, and the second is the award of attorney's fees. IDS argues that the damages awarded should only have been nominal or none because there were no actual damages and because the Court says the Court improperly considered the numerous thousands of letters that were sent to other people. The defendant does not argue that the statutory damages should have been anything less than $1,000 other than zero or nominal. The claim that Mrs. King is entitled to only nominal or zero damages cannot be taken seriously in this circuit. That issue has already been decided. In Baker v. G.C. Services Court decided by this Court in 1982 on page 781, the Court said, quote, statutory damages are available without proof of actual damages, end quote. The trial court was found by and followed that decision, and that's clearly correct. Counsel, do you think that the district court could have imposed the same amount of statutory damages without considering the letters that were sent to other individuals? Absolutely. Because the statute itself says among the factors to be considered are seriousness, frequency, and whether it was intentional or not, among other factors. So the Court can consider those factors and others. It doesn't have to pick on any one factor or the other factor. But just to be clear, not only did these letters affect thousands of people, but there were frequent, persistent violations with respect to Mrs. King alone. In three letters, the Court found four violations, two with respect to validation and two with respect to confusing and misleading terms, because they put in almost $2,000 in debt that had been paid seven years ago. So there were four violations with Mrs. King alone. That's frequent and persistent. I mean, how many more are you going to get in cases like this? Lots of times there's just only one violation on the validation notice only. So within the context of this type of case, Mrs. King had a lot of violations, more than is normal. The Court stated in its order, in setting the amount of statutory damages, the Court considers the frequency and persistence of noncompliance by the debt collector, the nature of noncompliance, and the extent to which noncompliance was intentional. She found it was deliberate, therefore intentional, specifically made that finding. She found it was serious, which of course it was, because they required the dispute to be in writing and to be accompanied by documentation, which is not required by the statute. That's the cornerstone of the Act, so clearly it was very serious. And she found also that it was serious because they showed almost $2,000 in debt that was obsolete and had been paid long ago. So this wasn't a purely technical case. Even viewing, as Judge Noonan said, the point of the statute is to rein in debt collectors' abusive practices. If you can't look at what they're doing, then you hamstring yourself in enforcing the statute as it was intended to be enforced. If there's any ---- I think he's not arguing about looking at what they're doing. He's arguing about using that as a measure of damages to your client. That's what I think. Well, I ---- and I'm saying that that's ---- that using that to determine a measure of damages is what the statute intends. The statute wants debt collectors to not do this stuff. And if you're not allowed to ---- if you look at it but you can't count it, you may as well not look at it. And so I understand what he's saying and I understand what you're saying, and I'm making the argument that it's perfectly proper to look at that. It makes sense. That's what the statute is designed to do. But even without that, again, there was frequent and persistent violations with respect to Mrs. King alone. Finally, the $1,000 maximum is worth far less than it was when the Fair Debt Collection Practices Act was enacted. It's a small sum in any event, and it's to encourage people like Mrs. King to bring these actions to promote compliance with the Act. So for all of those reasons, I don't think there was any ----  Turning to the issue of ---- unless the Court has other questions, turning to the issue of the awarded attorney's fees, it's important to note on this appeal, IDS has not contested the hourly rate awarded. It has not contested the amount of time that is spent on by the trial court or any of the Kerr v. Greenville extra factors. Its claim is only that the award is too high in relation to the damage award of $1,000. It's well settled in this circuit and really all over the country that the amount of the award is not determinative of fees. It is apparent in this case that the time spent was a direct result of IDS's intransigence at every stage of the proceedings in this case. Well, Counsel, IDS did say that you included in the attorney fee request hours that you had said you were to leave. They did, and that's ---- I didn't do that quite right. It's partially true, but it's minimal. If you look on the excerpt of record on page 65, you can see that I excluded from August 16th to August 20th, I excluded the time for actual damages in the 480-2 claims. Do you want me to bring that up to you, Judge? No. Okay. On page 65 of the excerpt. Now, what I should have done that I didn't do, but it was really so minimal is in the ---- there was before the summary judgment, there was virtually no time on the 480 claim. There was a paragraph in the complaint, which I had taken from another complaint, but I guess there was maybe a quarter of an hour in that, and there was a standard paragraph in the summary judgment saying that fair debt violations are also 480-2 violations, and maybe there was a quarter of an hour in that. But that was it. And my whole argument on the unfair and deceptive practices was that a federal violation is also a state violation. I didn't win that. And then preparing for trial, I spent a fair amount of time working around, seeing whether I could prove that at trial, and then decided not to ---- decided it would be better for us to focus on the strong part of our case because the judge had already indicated she wasn't impressed with that part of the case. And I did show, as it says on page 65, that I did not include that time. That was significant time. The other time I just missed. It wasn't that significant to me, but it's true. I should have taken another half hour, hour, whatever it is, off of that. But I did what I did. I see you're asking for attorney's fees on the appeal. Yes. Now, if you are successful, our usual practice is to refer it to our commissioner. Right. And he would make the determination. Correct. If you are successful, you submit the documents to him. Correct. He would go over them. Again, Ann, I might add that the district court did subtract a lot of hours in this case and cut my fees. You make that argument. What this record shows is somewhat unique. The special masters ordered it up. Right. And she looked at my fees and cut them substantially and said why. And the district court agreed with that. And I'm not appealing that. I got cut. What's your basis for asserting that you're entitled to fees on appeal? That's Diaz v. Bank of Hawaii, which is cited in my brief, among other cases. Burnett v. Alawana Pawn Shop also is my case and also cited in my brief. Slank v. Transworld Systems. I want to say also on page 22 of its opening brief, IDS admits the trial court substantially reduced the amount of the fee award and also admits that the trial court conducted, quote, an extensive analysis of the summary of services and the written submissions of the parties, end quote, prior to. It did admit it. The record shows it, so we see it. Right. So, I mean, so the court did what it's supposed to do. And it was well within its discretion to do what it did. And I think it was correct. The defendant made this case take the time it took. The defendant argued that it was entitled to fees for harassment, even though they lost their motion for summary judgment. They said we weren't entitled to any fees. They said we were in bad faith. They lost all that stuff. That stuff's not on appeal. But, still, it took time to trial. And the Furlan case decided by this court notes that just dealing with the normal procedures, the planning report, the scheduling conference, all of that stuff takes a lot of time. I'm sorry? I think the light's heavy. Yeah, the light does have me. I'm sorry. Thank you very much, Judge. I'll give you one minute for rebuttal. Thank you, Ken. The question arises, if these two factors, not included in the individual action, were authorized by Congress, the question arises as to why they weren't put there. Why don't we have identical factors to be considered in individual cases and in class action cases? The court took the time to distinguish between the damages which were available, and they decided that in individual cases they would not look at what happens to other people. Judges, I would point out that the only communication that IDS had with Mrs. King was by way of three letters. She failed to show that we had contacted her in any other way. Therefore, the only relevant evidence. She alleged telephone calls. The telephone calls, Judge, were never shown to have gone through. She made claims that she had received so many phone calls at work. We produced evidence that her telephone at home had been disconnected and that none of the calls to her workplace were answered. And the trial court agreed with us on that issue and found that there had been no telephone communication. She also had three other lawsuits pending at the same time for events that occurred during that same period of time in which they could have made the calls. And so the only list that was considered were basically the three letters, which were within the four corners of the letter. That's all this court has to look at to see whether or not there was the abusiveness that's required to award a maximum statutory award. Thank you, counsel. Your time has expired. Thank you very much. Thank you. Thank you to both counsel. The case just argued is submitted for decision by the court. The next case on calendar for argument is Lee v. Ashcroft.
judges: Farris, Noonan, Rawlinson